IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARCUS MAYHEW CURRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV1099 |
| v. ) | 1:05CR282-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Marcus Mayhew Curry, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #40]. On December 27, 2005, Petitioner was convicted following a jury trial on a Superseding Indictment of two counts of maintaining a place for the purpose of manufacturing, distributing, and using cocaine base (crack) in violation of 21 U.S.C. § 856(a)(1) and (b) (Counts One and Six); three counts of possession with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1), with penalties under § 841(b)(1)(C) (Count Two), under § 841(b)(1)(A) (Count Five), and under § 841(b)(1)(B) (Count Eight); two counts of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Three and Nine), two counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), with penalties under § 924(c)(1)(A)(i) (Count Four) and § 924(c)(1)(C)(i) (Count Ten), and one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Seven). He was sentenced to life imprisonment on the crack distribution conviction in Count Five, with concurrent sentences of twenty years each on Counts One, Two,

Six, Seven, and Eight, concurrent sentences of ten years each on Counts Three and Nine under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for possession of a firearm by a felon, and consecutive sentences of five and twenty-five years under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime (Counts Four and Ten). Following an unsuccessful direct appeal, Petitioner filed the present Motion [Doc. #40].

Petitioner raises two claims for relief in his Motion. The first contends that two Informations of Prior Conviction filed by the Government under 21 U.S.C. § 851, which led to an enhanced sentence, are invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the Informations were based on state convictions that were not punishable by more than one year of imprisonment. Likewise, Petitioner contends that his convictions under 18 U.S.C. § 922(g)(1) are invalid because the prior North Carolina state convictions listed in the Superseding Indictment were not punishable by more than one year of imprisonment in light of Simmons. After initially opposing Petitioner's Motion, the Government has now filed a Supplemental Response, conceding, based on Simmons, that the prior North Carolina convictions alleged in the Informations of Prior Conviction and in the Indictment supporting the § 922(g)(1) convictions would not qualify as predicate felony convictions in light of Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior convictions.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1] Based on this determination, the Government concedes that relief should be granted pursuant to 28 U.S.C. § 2255, that the § 922(g)(1) convictions should be vacated, and that this matter should be set for resentencing. The parties thus agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.[2]

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255, and that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but whose indictment relied on a predicate conviction that would not be a felony conviction in light of Simmons. See also United States v. Hampton, 1:08CR231-3 (M.D.N.C. Aug. 23, 2012) (vacating conviction and dismissing supervised release revocation hearing based on Government's concession in light of Simmons); United States v. Sheets, 1:08CR418-1 (M.D.N.C. Aug. 8, 2012) (vacating conviction on § 2255 Motion based on the Government's concession in light of Simmons); United States v. Cherry, 1:10CR271-1 (M.D.N.C. Aug. 1, 2012) (recommending that a § 922(g)(1) conviction be vacated on a § 2255 Motion rasing a Simmons claim, based on a concession by the Government that "the claim raised in this ground is cognizable under 28 U.S.C. § 2255"). In taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to those defendants who were convicted under 18 U.S.C. § 922(g)(1) but whose conviction was based on a predicate offense that is not a felony conviction in light of Simmons. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes").
   This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law." Id. Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in Powell would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.
   The Court also notes that the Government has agreed that resentencing is appropriate in this case. On this issue, the Court notes that trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when
(continued...)

The Court has reviewed the state court judgments reflecting Petitioner's prior convictions that were set out in the Informations of Prior Conviction and in Counts Three and Nine of the Superseding Indictment, and the Court notes that Petitioner's prior convictions were Class H or I felonies with a prior record level of II. The maximum sentence he faced for those offenses under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted, that his convictions under Counts Three and Nine of the Superseding Indictment be vacated, that his sentence be vacated, and that this matter be set for resentencing.

The Court also notes that the Government initially filed a Motion to Dismiss [Doc. #47]. However, in light of the Government's subsequent Response and concession, the Motion to Dismiss should be deemed withdrawn.

---

[2](...continued)
some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). Thus, in the present case, in light of the Government's agreement that Counts Three and Nine should be vacated, and in light of the sentencing issues that have been raised and the Government's agreement that resentencing is necessary, it would be appropriate to set this case for resentencing to resolve any remaining sentencing issues as to the remaining counts.

Moreover, with respect to the § 841 counts, it appears that the Government has further taken the position in this case that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to claims by defendants such as Petitioner who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of Simmons, and if the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1), where the enhanced mandatory minimum was above the otherwise-applicable sentencing range under the United States Sentencing Guidelines. The Court takes it as the position of the Government that the sentence on the § 841 counts is "otherwise subject to collateral attack" under 28 U.S.C. § 2255 in these circumstances. The Court will proceed on the basis of this concession, but notes that resentencing as to the remaining counts would be within the Court's discretion in any event in light of the agreement that the conviction as to Counts Three and Nine should be vacated under § 2255.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #40] be GRANTED, that the Judgment [Doc. #20] be VACATED, that Counts Three and Nine of the Superseding Indictment [Doc. #12] be DISMISSED, and that this matter be set for resentencing as to the remaining counts.

IT IS FURTHER RECOMMENDED the Government's prior Motion to Dismiss [Doc. #47] be deemed WITHDRAWN.

This, the 17th day of April, 2013.

                                                   /s/ Joi Elizabeth Peake
                                                   United States Magistrate Judge