IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARCUS MAYHEW CURRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:16CV516 |
| v. | ) 1:05CR282-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Marcus Mayhew Curry, a federal prisoner, brings a Motion [Doc. #108] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted after a jury trial of two counts of maintaining a place for the purpose of manufacturing distributing and using cocaine base in violation of 21 U.S.C. § 856(a)(1) and (b), possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), two counts of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and (a)(2), possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), possessing with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(C)(i). These convictions originally resulted in a total sentence of life plus 30 years of imprisonment. However, following a successful prior Motion under § 2255, Petitioner's convictions under § 922(g)(1)

were dismissed and he was resentenced to 168 months of imprisonment for all of the remaining convictions except the convictions under § 924(c). For those, he received consecutive sentences of 60 and 300 months. Petitioner then filed a successful direct appeal, which led to a second resentencing and a lowering of the 168-month portion of Petitioner's sentence to 140 months. The consecutive § 924(c) sentences did not change. Following an unsuccessful appeal of the second resentencing, Petitioner filed his current Motion under § 2255.

In Petitioner's current Motion, he raises four potential claims for relief, which Respondent opposes with a Motion to Dismiss [Doc. #108]. Petitioner's first claim is that his sentence was too severe and that the sentencing judge could have varied downward at his resentencing from the advisory sentencing range calculated under the United States Sentencing Guidelines. His second ground for relief states that the United States Sentencing Commission has asked Congress to eliminate statutory mandatory consecutive sentences for convictions under § 924(c) for possessing a firearm in furtherance of a drug trafficking crime. It appears that Petitioner contends that his sentences did not have to be consecutive based on this request. Petitioner's third claim for relief asks how he could have aided and abetted anyone in committing his § 924(c) offenses when he had no co-defendants. Finally, his fourth claim for relief seeks to apply the case of United States v. Davis, 720 F.3d. 215 (4th Cir. 2013) to reduce the criminal history points used at his resentencing from 16 to 12.

All of Petitioner's claims clearly fail. Petitioner's first claim, citing "'Pepper v. United States,'" an apparent reference to Pepper v. United States, 562 U.S. 476 (2011), is that when a

sentence has been set aside on appeal, the resentencing judge can vary downward from the advisory Guidelines range. Pepper actually states not only this, but that the judge can consider post-incarceration rehabilitation in doing so. At Petitioner's second resentencing, Petitioner's attorney argued for such a variance, or at least a sentence at the low end of the applicable Guidelines range. (Resentencing Trans. [Doc. #90] at 10-13.) The judge then considered that in formulating Petitioner's final sentence. (Id. at 14-16.) The sentencing judge simply declined to vary below the applicable range. Although Pepper allowed a downward variance, it did not compel it. No error occurred at Petitioner's final resentencing regarding the sentencing judge's decision not to vary downward.

In Petitioner's second claim, he contends that there was a problem with the § 924(c) sentences being consecutive to his other sentences because the United States Sentencing Commission asked Congress to change that requirement in the statute. Whatever the requests of the Sentencing Commission or the possible future actions of Congress, the fact remains that at the time of Petitioner's original sentencing, at both resentencings, and even now, § 924(c) requires that any sentences for violations of that statute be consecutive to all other sentences. No error occurred regarding the consecutive sentences and Petitioner's second claim for relief should be dismissed.

Petitioner's third claim for relief reads in its entirety, "Aiding and Abetting to 924(c)." (Motion § 14(C).) Its supporting facts state, "I have no codefendants how did I aid & abett [sic] or who did I aid & abett [sic]." This claim is simply not clear. However, there is no requirement that a defendant have a codefendant in order to be found guilty on an aiding and

3

abetting theory. Indeed, the Government need not prove even the identity of the principal; the Government need only prove that the substantive offense was committed by someone and that Petitioner aided in its commission. United States v. Horton, 921 F.2d. 540, 543-44 (4th Cir. 1990). In addition, Petitioner could also have been found guilty based purely on his own conduct and without any aiding or abetting. Petitioner's third claim for relief fails.

Finally, Petitioner contends that his criminal history score should be lowered under Davis because some of the prior convictions used to calculate that score were consolidated for judgment in the state courts and should not be counted separately. Petitioner lists the pairs of convictions set out in paragraphs 47 and 48, 53 and 54, and 55 and 56 of the Presentence Report [Doc. #82] as being the affected convictions. The Government, citing United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015), contends that any claim of a Guidelines miscalculation is not cognizable on collateral review. Further, even if Petitioner's claim is cognizable, it still fails because counting each pair of consolidated convictions as a single sentence would not reduce Petitioner's criminal history category under the United States Sentencing Guidelines. In each of the pairs of paragraphs listed by Petitioner, the first paragraph contains a conviction for which Petitioner was assessed two points under USSG § 4A1.1(b), while the second paragraph contains a conviction for which Petitioner was assessed one point under USSG § 4A1.1(c). Given that Petitioner's criminal history score was 16 and that a score of 13 or over places him in the highest criminal history category of VI under the Guidelines (Presentence Report ¶ 63), removing the three one-point convictions would not change Petitioner's criminal history category. Further,

4

ignoring those convictions would actually not affect his score at all because only four points can be counted under § 4A1.1(c) and Petitioner had nine such points. (Id. ¶ 60.) Removing three of them would still leave Petitioner with six, or two more than the four-point maximum. Therefore, the consolidated convictions did not affect Petitioner's criminal history score or category at all. His fourth claim for relief should also be dismissed.[1]

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #108] be granted, that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #100] be denied, and that this action be dismissed.

This, the 23rd day of June, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Government's Motion to Dismiss also initially argued that Petitioner had to obtain permission from the Court of Appeals for the Fourth Circuit to file a second or successive § 2255 Motion, but the Government subsequently withdraw that contention in light of the Fourth Circuit's subsequent decision in In re Gray, 850 F.3d 139 (4th Cir. 2017). Therefore, this Court has not considered that contention here and has instead considered the alternative contentions set out above.