IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARCUS MAYHEW CURRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19CV46 |
| | ) | 1:05CR282-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted filings [Doc. #117, #118] related to the First Step Act of 2018. Section 404 of the First Step Act of 2018 provides that the Court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Those provisions of the Fair Sentencing Act affected offenses involving cocaine base (crack) under 21 U.S.C. § 841(b)(1)(A) and (B). Here, initial screening of Petitioner's filings reveals that Petitioner is not challenging his sentence for such an offense.[1] Instead, Petitioner seeks to raise a claim under the provision of the First Step Act related to consecutive sentences imposed under 18 U.S.C. § 924(c). However, that provision of the Act does not apply retroactively to sentences imposed prior to its enactment on December 21, 2018. The First Step Act provides, "This section, and

---

[1] The Court notes that Petitioner does have convictions for Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), but he was resentenced in 2014 and the Fair Sentencing Act was applied at that time.

the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018 § 403(b), 132 Stat. 5222 (emphasis added); see also Brown v. Antonelli, C/A No. 8:19-cv-1344-HMH-JDA, 2019 WL 2360901, at *5 (D.S.C. May 15, 2019) (unpublished) (collecting cases), report and recommendation adopted, 2019 WL 2358977 (D.S.C. June 4, 2019). Petitioner was last sentenced on August 22, 2014, prior to enactment of the First Step Act. Therefore, Petitioner's attempt at raising a viable claim under the First Step Act fails.

Petitioner also appears to raise a separate claim challenging his sentence and/or a sentencing enhancement. Such a claim would have to be raised, if at all, under 28 U.S.C. § 2255. To the extent that Petitioner seeks to raise a claim under § 2255, court records reveal that Petitioner previously attacked the same conviction and sentence in a prior § 2255 motion (No 1:16CV516). Consequently, Petitioner must move in the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider any new Motion, as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. Petitioner should contact the Clerk's Office to obtain the proper forms if he wishes to seek such authorization. The present action should be dismissed without prejudice to him doing so.

IT IS THEREFORE RECOMMENDED that Petitioner's request for relief under the First Step Act be denied and that this action be dismissed sua sponte without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms if he seeks to

attack his sentence under that statute and receives permission to do so from the Court of Appeals.

This, the 12th day of February, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge